**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DAVID COX
ADC # 800083                                                                                                    PLAINTIFF


V.                                       5:09-cv-00300-BSM-JJV


LARRY NORRIS, Director, Arkansas Department
of Correction; ROY AGEE, Interstate Compact
Administrator, Arkansas Department of Correction; and
ELIZABETH RICE, Interstate Compact Administrator,
Kansas Department of Correction                                                                       DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you

1

must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff filed this action, pursuant to 42 U.S.C. § 1983, seeking return to Kansas and, essentially, recision of the Interstate Corrections Compact agreement that resulted in his incarceration in Arkansas. Because Plaintiff's claims are not actionable under § 1983, the Court recommends that Plaintiff's Complaint be dismissed with prejudice.

## I.     Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous

or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). In reviewing a *pro se* complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 112 S.Ct. 1728, 1733 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).  But regardless whether a plaintiff is represented or appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F .2d 1334, 1337 (8th Cir.1985).

## II.    Factual Background of Plaintiff's Claims

Plaintiff states that since July 24, 2008, the apparent date of his arrival in Arkansas, Defendants have been "in violation of my Interstate Compact Agreement." The Defendants are Arkansas Department of Correction Director Larry Norris as well as Ray Agee and Elizabeth Rice, the administrators of the Interstate Compact offices in Arkansas and Kansas, respectively.  In support of his claim of "violating" the Interstate Corrections Compact, Plaintiff states that he remains in fear for his safety because he has not been properly placed in protective custody and that the Arkansas Department of Correction does not allow him to

practice his Native American religion. The only relief Plaintiff seeks, however, is to be returned to Kansas, the site of his conviction and sentence.

## III.  Analysis

With regard to Plaintiff's allegations of violations of the Interstate Corrections Compact,[1] Plaintiff has failed to state a claim against the Defendants. The United States Court of Appeal for the Eighth Circuit has ruled that the Compact has not been transformed into federal law and, thus, cannot be attacked through a § 1983 action. *Stewart v. McManus*, 924 F.2d 138, 142 (8th Cir.1991)("no federal interest exists in the state's transfer of inmates so long as the states satisfy the constitutional requirements in the treatment of prisoners"). The State retains discretion to transfer prisoners "for whatever reason, or no reason at all" and interstate prison transfer does not deprive an inmate of any liberty interest protected by the Due Process clause in and of itself. *Olim v. Wakinekona*, 461 U.S. 238, 248 (1983).

Plaintiff might properly assert freedom of religion and failure to protect claims in a § 1983 action if he were to suffer injury as a result of the actions of state actors. Plaintiff has not, however, alleged that Defendants have deprived him of any constitutional right.

Furthermore, Plaintiff has not requested relief consistent with a violation of a constitutional right. The sole remedy Plaintiff requests is his transfer out of the Arkansas prison system, and this Court has no authority to grant the requested relief. Therefore, under these circumstances, the Court recommends that Plaintiff's claims be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Arkansas Code Annotated § 12-49-101 et seq.

4

## IV.     Conclusion

For all these reasons,

IT IS, THEREFORE, RECOMMENDED that Plaintiffs's Complaint (Doc. No. 2) be DISMISSED and all pending motions be DENIED as moot.

IT IS FURTHER RECOMMENDED that the Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any order adopting this recommendation, and any judgment entered thereunder, would not be taken in good faith, and that dismissal of this action constitutes a "strike" for the purposes of 28 U.S.C. § 1915(g).

DATED this 23rd day of October, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE