**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

DAVID COX                                                                                           PLAINTIFF
ADC # 800083


V.                                          5:09-cv-00300-BSM


LARRY NORRIS, Director, Arkansas Department
of Correction; ROY AGEE, Interstate Compact
Administrator, Arkansas Department of Correction; and
ELIZABETH RICE, Interstate Compact Administrator,
Kansas Department of Correction                                                    DEFENDANTS


**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you

1

must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, David Cox, filed this action, pursuant to 42 U.S.C. § 1983, seeking return to Kansas and recision of the Interstate Corrections Compact agreement that resulted in his placement in the Arkansas Department of Correction (ADC). The Court dismissed Plaintiff's Complaint with prejudice (Doc. Nos. 14-15) because his claims were not actionable under 42 U.S.C. § 1983. Plaintiff has now filed a Motion for Extension of Time (Doc. No. 18) in which to submit his request for leave to appeal *in forma pauperis* and a Motion to Vacate Judgment (Doc. No. 19). Plaintiff argues he should have been given an opportunity by the Court to amend his complaint and re-state his claims to comport with § 1983. He states he

is housed in a "dangerous environment" next to administrative segregation inmates "who do not like [him and he is] constantly threatened [by] inmates" who "try to throw stuff at me and call me names... I get talked crazy to and get batteries and soap tossed at me[, and] they can inflict harm to me, by tossing stuff at me or making a shank with a pole, which has been done here."  He also states he is cuffed and shackled during any movement in the unit, "which keeps me from protecting myself" and is "punished by being denied recreation, library, religious services, and locked up in cell and leg chained and handcuffed even when I go to visits, sick call and doctors call and shower call..." *See* Doc. No. 19.  Plaintiff does not, however, identify how any of the named Defendants are causing him harm or are responsible for his conditions in protective custody nor does he allege actual injury.

Although Mr. Cox does not indicate whether he seeks relief pursuant to Rule 59(e)'s provision regarding "Motions to Amend or Alter Judgment" or Rule 60(b), in either case the request should be denied.  Rule 59(e) motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir.1988).  A party seeking Rule 59(e) relief may not introduce new evidence that could have been produced before the entry of the judgment, nor can the party offer new legal arguments.  *Capitol Indem. Corp. v. Russellville Steel Co.*, 367 F.3d 831, 834 (8th Cir.2004); *Hagerman*, 839 F.2d at 414.  Here, Plaintiff raises new issues not alleged in his original complaint and his motion fails to state sufficient grounds to grant his requested relief.  Therefore, Rule 59(e) does not apply.

Likewise, a Rule 60(b) motion is "not a vehicle for simple re-argument of the merits"

and instead requires the party to demonstrate "exceptional circumstances warranting post-judgment relief." *Arnold v. Wood*, 238 F. 3d 992, 998 (8th Cir. 2001). Plaintiff's fails to cite exceptional circumstances warranting the relief he requests. Accordingly, Plaintiff's motion to vacate judgment (Doc. No. 19) should be DENIED.

DATED this 3rd day of February, 2010.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE